**People of the State of Illinois, Plaintiff-Appellee, v. Floyd Clark (Impleaded) Defendant-Appellant.**

Gen. No. 51,770.

First District, Third Division.

June 6, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The defendant Floyd Clark was indicted jointly with Mae Frances Hall for armed robbery. Codefendant Hall was subsequently found incompetent and was not brought to trial. Clark waived his right to trial by jury, was found guilty and sentenced to serve from two to twelve years in the penitentiary.

The sole contention raised on this appeal is whether the court erred in admitting testimony relating to defendant's acquaintanceship with Miss Hall. Defendant contends that the testimony was improper since Miss Hall was not specifically identified as a participant in the alleged robbery and was not on trial herself. He argues that the testimony regarding his association with her improperly corroborated the State's case and gave rise to an unwarranted inference of guilt. The facts follow.

On January 22, 1966, Robert Hurnes was in a tavern at the corner of Madison Street and Albany Avenue in Chicago. Some time after midnight he left the tavern and walked along Albany Avenue until he reached the alley at the rear of the tavern. At that point a woman whom he recognized as having been in the tavern earlier in the evening approached him, produced a small container from her purse and sprayed a substance in his eyes, temporarily blinding him. He was then assailed by a number of men who tore his clothing and demanded his money. He testified that he was unable to get a clear look at any of the attackers, but noticed that the man who was actually holding him down spoke as though he had a cold. He further observed that this assailant was wearing trousers with a stripe down the side, which appeared to be part of a uniform. That man, whom the witness positively identified as the defendant, was the last to leave him in the alley when the other assailants fled. Immediately upon

being released, the victim arose and without losing sight of his attacker, followed him into the tavern, confronted him and accused him of the robbery. Hurnes identified the defendant to the police as one of his assailants and described the woman who had first accosted him at the entrance to the alley. Shortly thereafter the police apprehended the codefendant Mae Frances Hall.

Defendant Clark testified that he was walking north along Albany Avenue approaching Madison Street when he heard sounds from an alley and saw Hurnes trying to get up from the pavement; that he helped Hurnes up and took him to the tavern, where he met a group of friends, and that Hurnes then confronted him and identified him as one of the robbers. Clark said he called the police, but when they arrived he found himself taken into custody. He also said he had come from his employment as a parking lot attendant and was wearing his work uniform at the time of his arrest.

On cross-examination Clark was questioned by the attorney for the State with respect to the circumstances surrounding his arrest. He testified that shortly after his arrest the police arrested the codefendant Mae Frances Hall. He further testified that he had known Miss Hall for a week or two prior to the arrest. Defense counsel objected to that line of questioning on the ground that the case against Miss Hall had not been tried because of her mental incapacity. In overruling the objection the court said, "it was alleged she was a participant and a co-defendant." Following the court's ruling there was no further testimony relating to Miss Hall.

■ It is argued that the testimony tended to show that the defendant had a female acquaintance present and available at the time of the robbery to serve as an accomplice to the crime and that this relationship between the parties had no probative value in the absence of any

evidence that the codefendant was the woman who sprayed the noxious substance in Hurnes' face. The cross-examination of a defendant is generally confined to matters brought out on direct examination, but the latitude allowed in cross-examining on appropriate subjects of inquiry rests largely in the discretion of the trial court. People v. Provo, 409 Ill 63, 97 NE2d 802.

■ Evidence regarding Miss Hall's role in the alleged crime was germane to the issues on trial and testimony regarding her whereabouts or her relationship with Clark was not rendered irrelevant merely by the finding that she was incompetent to stand trial. The only conclusion to be derived from the defendant's testimony on that point is that the codefendants were acquainted and that both of them were arrested at approximately the same time.

■ The evidence shows that Hurnes followed the defendant from the scene of the crime to the tavern where he identified the latter as a perpetrator of the robbery and that he again identified him at the trial. The positive identification of one credible witness is sufficient to support a conviction for robbery even though such testimony is contradicted by the accused. People v. Lamphear, 6 Ill2d 346, 128 NE2d 892; People v. Williamson, 78 Ill App2d 90, 223 NE2d 453.

The judgment is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.